## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS S. MICHELSON, JR., | COMPLAINT |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | Case No. _____ |
| SHAWN W. O'DRISCOLL, M.D., and MAYO CLINIC, | |
| Defendants. | |

## COMPLAINT AT LAW

Plaintiff Thomas S. Michelson, Jr., by and through his attorneys, Kathleen T. Zellner & Associates, P.C. and Newmark Storms Dworak LLC, complains of Defendants, SHAWN W. O'DRISCOLL, M.D. and MAYO CLINIC, and alleges as follows:

## PARTIES

1.     Plaintiff Thomas Michelson is an Illinois citizen residing in Illinois.

2.     Upon information and belief, Defendant Shawn W. O'Driscoll ("Dr. O'Driscoll") is a physician duly licensed to practice in the state of Minnesota.

3.     Upon information and belief, Defendant Dr. O'Driscoll is a Minnesota citizen residing in Minnesota.

4.     Defendant Mayo Clinic is a non-profit domestic corporation organized under the laws of the State of Minnesota with its principal place of business located

1

at 200 First Street Southwest in the City of Rochester, County of Olmstead, State of

Minnesota 55905.

5.     Upon information and belief, Defendant Dr. O'Driscoll was at all times

relevant hereto an employee of Defendant Mayo Clinic.

6.     Upon information and belief, Defendant Dr. O'Driscoll was at all times

relevant herein acting within the course and scope of his duties as an employee of

Defendant Mayo Clinic.  Therefore, Defendant Mayo Clinic is vicariously liable for all

of Defendant Dr. O'Driscoll's acts and omissions as stated herein.

## JURISDICTION AND VENUE

7.     Pursuant to 28 U.S.C. § 1332(a) this Court has jurisdiction over this civil

action based on complete diversity of citizenship between the parties and an amount

in controversy in excess of $75,000.00, exclusive of costs and interests.

8.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because

a substantial part of the events or omissions occurred in Minnesota.

## FACTUAL ALLEGATIONS

9.     In 2018, Plaintiff was a twenty-six-year-old right-hand dominant

professional baseball player.

10.     On April 23, 2018, Defendant Dr. O'Driscoll performed an ulnar

collateral ligament reconstruction of Plaintiff's right dominant elbow.

11.     During the procedure, Defendant Dr. O'Driscoll negligently perforated

the ulnar nerve with a suture.

CASE 0:21-cv-01166-MJD-KMM   Doc. 1   Filed 05/05/21   Page 3 of 5


12.     Following the procedure, Plaintiff suffered significant pain and ulnar clawing to the ring and little fingers on his right hand.

13.     On April 30, 2018, an ultrasound showed edema and enlargement of Plaintiff's right dorsal ulnar nerve.

14.     On June 4, 2018, Defendant Dr. O'Driscoll discovered the perforation of Plaintiff's ulnar nerve.

15.     In providing care and treatment to Plaintiff, Defendant Dr. O'Driscoll negligently failed to exercise the degree of skill and learning required in the practice and profession of medicine.

16.     Defendant Dr. O'Driscoll breached the professional standard of care by one or more of the following acts and/or omissions:

      a.     Failed to adequately protect the patient's ulnar nerve;

      b.     Placed a suture through the patient's ulnar nerve at a depth of approximately four millimeters; and,

      c.     Failed to timely diagnose and treat the ulnar nerve perforation.

17.     Defendant's failure to use reasonable care in the performance of its treatment caused Plaintiff to sustain serious and permanent injuries, including permanent damage to the dorsal sensory branch of Plaintiff's ulnar nerve and temporary damage to the volar sensory branches and motor branches of the ulnar nerve.

18.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has not, and will not, be able to continue as a professional pitcher.

19.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has suffered permanent loss of nerve function and sensation.

20.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has endured physical pain and suffering.

21.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has had to undergo additional surgical procedures and therapy.

22.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has sustained past and future medical bills in an amount to be determined by the jury.

23.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has sustained past and future wage loss in an amount to be determined by the jury.

24.     As a direct and proximate result of Defendant Dr. O'Driscoll's negligence, Plaintiff has suffered severe emotional distress, including depression, and other items of compensatory and special damages in an amount to be determined by jury.

Plaintiff hereby demands a trial by jury.  A declaration of expert review is served herewith.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000,000), together with pre-judgment interest, costs, and disbursements, and for such further relief as this Court deems just and equitable.

Dated: May 4, 2021

/s/ Kathleen T. Zellner
Kathleen T. Zellner[1]
IL. Reg. No. 6184574
Kathleen T. Zellner & Associates, P.C.
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
Phone:  630-955-1212
Fax:  630-955-1111
Email:  attorneys@zellnerlawoffices.com

/s/ Jeffrey S. Storms
Jeffrey S. Storms, Reg. No. 387240
Newmark Storms Dworak LLC
150 South 5th Street, Suite 1850
Minneapolis, Minnesota 55402
Phone: 612-455-7055
Fax: 612-455-7051
Email: jeff@newmarkstorms.com

*Attorneys for Plaintiff*

---

[1] Counsel is filing a motion for admission *pro hac vice* simultaneous with the filing of this Complaint.